| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>-------------------------------------------------------------X<br><br>UNITED STATES OF AMERICA<br><br>v.<br><br><br>JEREMY POSNER,<br><br>        Defendant.<br>-------------------------------------------------------------X | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: October 20, 2020<br><br>18-CR-00631 (KMW)<br>**OPINION & ORDER** |

KIMBA M. WOOD, District Judge:

Defendant Jeremy Posner has moved to reduce his sentence under the federal compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), in light of COVID-19. (ECF No. 40.) The Government opposes the motion. (ECF No. 43.) For the reasons that follow, Defendant's motion is DENIED.

## BACKGROUND

Defendant was arrested on August 21, 2018 in connection with his involvement in a health care fraud scheme. The Government charged Defendant with (1) engaging in a scheme to obtain reimbursement for medical services that Defendant had not actually received by submitting false claims to an insurance carrier that administered health care benefits programs, in violation of 18 U.S.C. § 1347; and (2) using the social security number and signature of a doctor, without authority or consent, during and in relation to the health care fraud charge (18 U.S.C. § 1347), in violation of 18 U.S.C. §§ 1028A(a)(1) and 1028A(b). Defendant pleaded guilty to the health care fraud charge. (*See* Gov't Opp'n at 1.)

On June 26, 2019, the Court sentenced Defendant to 27 months' imprisonment, followed by three years of supervised release. (Sent. Tr. at 16, ECF No. 46.) The Court took into consideration the fact that Defendant engaged in the fraudulent scheme for over four and a half years and that the scheme involved the theft of over $500,000. (*Id.* at 15.) The Court also recognized that Defendant had ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ and children who depend on him. (*Id.*)

Defendant is currently serving his sentence at Otisville FCI and, to date, has served approximately 13 months of his 27-month sentence. (*See* Gov't Opp'n at 1.)

On July 20, 2020, Defendant's counsel submitted a request for compassionate release and for home confinement to the Warden of Otisville FCI on behalf of Defendant. (Mot. at 8; Gov't Opp'n at 2.) Defendant states that his applications for compassionate release and for home confinement were denied in a letter dated September 17, 2020. (Reply at 2, ECF No. 44.)

On September 2, 2020, Defendant filed the present motion. (ECF No. 40.) The Government filed its letter in opposition to the motion on September 18, 2020. (ECF No. 43.)

## LEGAL STANDARDS

Under 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), a court may reduce a defendant's sentence upon motion of the Director of the Bureau of Prisons ("BOP"), or upon motion of the defendant. A defendant may move under § 3582(c)(1)(A) only after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[1] *Id.*

---

[1] Defendant's motion is properly before the Court because 30 days have elapsed since the date of Defendant's request to the Warden of Otisville FCI. (Mot. at 8; Gov't Opp'n at 2.)

A court may reduce a defendant's sentence if the court finds that "extraordinary and compelling reasons warrant such a reduction," and "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A)(i); *see also* U.S.S.G. § 1B1.13. In making this determination, the court must consider the "the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable." *Id.* § 3582(c)(1)(A).

Congress delegated responsibility to the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction." 28 U.S.C. § 994(t). The Sentencing Commission has determined that a defendant's circumstances meet this standard when, *inter alia*, the defendant is "suffering from a terminal illness" or a "serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility," or if, in the judgment of the BOP, the defendant's circumstances are extraordinary and compelling for "other reasons." U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A), (D). Following the passage of the First Step Act, courts may independently determine whether such "other reasons" are present in a given case, without deference to the BOP's judgment. *See United States v. Lisi*, No. 15-CR-457, 2020 WL 881994, at *3 (S.D.N.Y. Feb. 24, 2020) (Failla, J.).

In addition, the Sentencing Commission has resolved that a court should reduce a defendant's sentence only after determining that "[t]he defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2).

## DISCUSSION

Defendant seeks compassionate release on the ground that he faces a heightened risk of serious illness or death from infection with COVID-19 because he suffers from obesity, diabetes, and various mental health issues. (Mot. at 9-11.) The Government does not dispute that

Defendant suffers from obesity and diabetes, which present an "extraordinary and compelling" reason due to COVID-19. (Gov't Opp'n at 6.) The Court agrees and finds that, in the context of the COVID-19 pandemic, Defendant's medical conditions of obesity and diabetes constitute an extraordinary and compelling reason for granting Defendant compassionate release.

Nevertheless, the Court finds that Defendant's risk of contracting COVID-19 at Otisville FCI is very low. Although FCI Otisville had staff members and inmates test positive for COVID-19 earlier this year, the BOP has taken aggressive measures to curtail the spread of the virus.[2] As a result, the vast majority of the staff members and inmates who tested positive have since recovered.[3] As of September 18, 2020, the Government states that "[t]he housing unit the defendant lives in has not had a positive case." (Gov't Opp'n at 5.) And as of October 20, 2020, there were only two reported cases of COVID-19 among staff members and only three reported cases among inmates.[4] The Court is mindful that inmates' risks of contracting COVID-19 cannot be fully eliminated. But the Court finds that the low risk that Defendant faces from contracting COVID-19 does not warrant compassionate release.

In addition, the sentencing factors set forth in 18 U.S.C. § 3553(a) counsel against granting Defendant's motion. Section 3553 requires the Court to consider "the need for the sentence imposed to reflect the seriousness of the offense," "to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant." 18 U.S.C. §§ 3553(2)(B)-(D). As the Court noted during sentencing, the offense is very serious, because it involved the theft of over $500,000, which likely caused an increase in insurance premiums for other insureds. (Sent. Tr. at 15.) Defendant orchestrated this sophisticated and sustained fraud

---

[2] *See COVID-19 Cases*, Fed. Bureau Prisons, https://www.bop.gov/coronavirus/index.jsp (last accessed Oct. 20, 2020).
[3] *See id.*
[4] *See COVID-19 Cases*, Fed. Bureau Prisons.

scheme while he was serving a ten-year probation term for another crime. (Gov't Opp'n at 6.) As the Government points out, "[h]is fraud scheme demonstrated an incredible sense of entitlement: when insurers tried to stop paying on his fraudulent claims, the defendant pretended to be one of the 'treating' doctors and claimed, in letters and phone calls, that the patient (*i.e.*, Posner himself) was distraught over the insurers' failure to issue prompt reimbursements." (*Id.* at 6-7.) Moreover, Defendant's scheme was a long-standing crime that lasted for over four and a half years. (Sent. Tr. at 15.)

Accordingly, the Court determined that sentencing Defendant to 27 months' imprisonment, followed by three years of supervised release, is necessary in order to "take into account the seriousness of the offense, the need to promote respect for the law, to provide just punishment, and to afford adequate deterrence, both individual and general, including the need to protect the public from further crimes of Mr. Posner." (*See id.* at 16.) Thus, the Court finds that the § 3553(a) factors also weigh against granting Defendant's motion.

## CONCLUSION

For the foregoing reasons, Defendant's motion for compassionate release under § 3582(c)(1)(A) is DENIED.

SO ORDERED.

Dated: New York, New York
  October 20, 2020

/s/ Kimba M. Wood
KIMBA M. WOOD
United States District Judge