UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

UNITED STATES OF AMERICA

v.

JEREMY POSNER,

        Defendant.
------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: November 30, 2020

18-CR-631 (KMW)
**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

On October 20, 2020, this Court denied Defendant Jeremy Posner's motion for compassionate release, pursuant to 18 U.S.C. § 3582. *See United States v. Posner*, No. 18-cr-631, 2020 WL 6151109, at \*1 (S.D.N.Y. Oct. 20, 2020). In his motion, Defendant argued that he faced a heightened risk of serious illness from infection with COVID-19 while incarcerated, due to his medical conditions of obesity and diabetes. The Court found that, although Defendant's medical conditions of obesity and diabetes constitute extraordinary and compelling reasons for granting Defendant compassionate release, the 18 U.S.C. § 3553(a) sentencing factors weighed against releasing defendant.

Defendant now submits a motion for reconsideration of the Court's denial of Defendant's earlier motion for compassionate release. ("Mot. for Recons.", ECF No. 51.) Defendant's motion for reconsideration rests on two primary grounds. First, Defendant argues that his likelihood of contracting COVID-19 is not a relevant factor that the Court should have considered or used to "negate" a finding of extraordinary and compelling reasons. (Mot. for

Recons. at 2-4.) In addition, Defendant disagrees with the Court's finding that his risk of contracting COVID-19 at Otisville FCI is low. (Mot. for Recons. at 3-4; Def.'s Nov. 23, 2020 Letter, ECF No. 53.) Second, Defendant contends that the Court failed to consider whether the § 3553(a) sentencing factors are met at the time of the motion. (Mot. for Recons. at 4-5.)

A motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The standard for reconsideration is strict and the decision is within the sound discretion of the district court." *Vencedor Shipping Ltd. v. Ingosstakh Ins. Co.*, No. 09-cv-4779, 2009 WL 2338031, at *1 (S.D.N.Y. July 29, 2009) (Sullivan, J.) (internal quotation marks omitted).

In the October 20, 2020 opinion, the Court denied Defendant's motion for compassionate release because the sentencing factors set forth in 18 U.S.C. § 3553(a) counsel against release. "Therefore, for Defendant to be able to meet his burden for the instant motion [for reconsideration], he would need to point to controlling decisions or data that reasonably could alter the Court's analysis of those factors." *United States v. Lisi*, No. 15-cr-457, 2020 WL 1331955, at *2 (S.D.N.Y. Mar. 23, 2020) (Failla, J.).

Neither of Defendant's arguments meets this burden. First, the Government already conceded, and the Court held, that Defendant's medical conditions of obesity and diabetes constitute extraordinary and compelling reasons for granting Defendant compassionate release. *Posner*, 2020 WL 6151109, at *2. Second, even assuming, *arguendo*, that Defendant's characterization of his risk of contracting COVID-19 at Otisville FCI is correct, application of the § 3553(a) sentencing factors do not warrant release.

2

Section 3553(a) requires the Court to consider (1) "the nature and circumstances of the offense"; and (2) the need for the sentence imposed (A) "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense", (B) "to afford adequate deterrence to criminal conduct", and (C) "to protect the public from further crimes of the defendant."  18 U.S.C. §§ 3553(a)(1)-(2).

Nothing in Defendant's present motion changes the Court's previous determination that the sentencing factors set forth in § 3553(a)—analyzed at the time of the motion for compassionate release—militate against granting release.

*First*, Defendant's health care fraud scheme is very serious because it involved the theft of over $500,000, which likely caused an increase in insurance premiums for other insureds. *Posner*, 2020 WL 6151109, at *2.  "His fraud scheme demonstrated an incredible sense of entitlement: when insurers tried to stop paying on his fraudulent claims, the defendant pretended to be one of the 'treating' doctors and claimed, in letters and phone calls, that the patient (*i.e.*, Posner himself) was distraught over the insurers' failure to issue prompt reimbursements." *Id.* Defendant's scheme lasted for over four and a half years.  *Id.*  And it bears repeating that Defendant orchestrated this sophisticated and sustained fraud scheme while he was serving a ten-year probation term for another crime.  *Id.*

*Second*, given the seriousness of Defendant's conduct, the Court continues to believe that granting Defendant compassionate release[1] would not reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public from future crimes of Defendant.

---

[1] As of November 4, 2020, Defendant has served only 14 months of his 27-month sentence.  (Mot. for Recons. at 5.)

3

Thus, Defendant's motion for reconsideration is DENIED.


SO ORDERED.

Dated: New York, New York
      November 30, 2020                                     /s/ Kimba M. Wood
                                                          KIMBA M. WOOD
                                        United States District Judge